```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

DESIMONE HOSPITALITY SERVICES, LLC,

       Plaintiff,

v.                              Lead Civil Action No.: 2:14-14845

WEST VIRGINIA-AMERICAN WATER COMPANY,

       Defendant.


ROGER STRICKLAND and ANGEL STRICKLAND and
NEWTECH SYSTEMS, INC., and RACHEL BLAKENSHIP and
MICHAEL BRYANT and CHRISTIAN BRYANT and
JOHN MICHAEL BRYANT and HELEN CHRIST and
TIANA ALLEN and CHRISTOPHER ALLEN and
JOCELYN ALLEN and GARIETH ALLEN and SABRA ALLEN,
Minors, By and Through Their Parents and Next
Friends, TIANA ALLEN and CHRISTOPHER ALLEN and
ANDREA LUPSON and JON LUPSON and
Individually, and on behalf of all others
similarly situated,

       Plaintiffs,

v.                              Member Action No. 2:14-11009

FREEDOM INDUSTRIES, INC., and
AMERICAN WATER WORKS COMPANY, INC.,
d/b/a/ WEST VIRGINIA AMERICAN WATER COMPANY, and
EASTMAN CHEMICAL COMPANY and
CORPORATE JOHN DOES 1-6, and
INDIVIDUAL JOHN DOES 7-10,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending in the lead action are a motion to remand by pro se party Richard Gravely, filed April 28, 2014, a motion to remand, filed June 3, 2014, and defendant West Virginia American Water Company's ("WVAWC") motions for leave to file a surreply, both filed August 14, 2014. Pending in the member action is a motion to remand, filed March 26, 2014.

The remand motions filed in the lead and member actions respectively on June 3, 2014, and March 26, 2014, are identical. The Clerk is thus directed to administratively terminate the remand motion pending in the member case.

It appears that the motions to file a surreply are identical, except that the second motion appears to attach a version of the surreply that is at variance with its predecessor. It is ORDERED that the motions to file a surreply be, and hereby are, granted, with the surreply attached to the second motion filed today.

Respecting the motion to remand filed by Mr. Gravely, he contends that the circuit judge, prior to removal, lacked authority to extend the time for filing of an answer by WVAWC. He appears to assert that the answer filed by WVAWC was untimely

and that removal was prohibited.  He also suggests that the case was removed untimely.

On January 15, 2014, Mr. Gravely instituted his civil action.  On January 17, 2014, debtor Freedom Industries, Inc., petitioned for relief under Chapter 11.  On January 22, 2014, Mr. Gravely served WVAWC.  The deadline for answering the complaint would have been 20 days thereafter, or February 11, 2014.  On February 4, 2014, the presiding circuit judge extended the answer date to March 1, 2014.

On February 24, 2014, WVAWC removed pursuant to 28 U.S.C. § 1452.  On February 28, 2014, WVAWC answered the complaint.  The answer was thus timely pursuant to the circuit judge's lawful order.  Respecting the timeliness of removal, WVAWC asserts that this action is related to <u>In re Freedom Industries, Inc.</u>, 2:14-bk-20017.  Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2), the notice of removal is timely inasmuch as it was filed within 90 days of the order for relief.  Based upon the foregoing discussion, it is ORDERED that Mr. Gravely's motion to remand be, and hereby is, denied.

As noted in the November 7, 2014, order filed in the lead action, "a final adjudication by the bankruptcy court respecting funding of . . . [a] proposed class settlement

3

necessarily bears significantly on the remand issues presently pending before the undersigned [in the lead action]. It is, accordingly, ORDERED that the lead and . . . [member] actions be, and hereby are, stayed pending the further order of the court following the outcome of the ongoing settlement matters currently pending before the bankruptcy court." (Ord. at 4).

Awaiting receipt of an order adjudicating the outcome of the ongoing settlement matters, it is ORDERED that the above-captioned lead and member cases be, and hereby are, stayed and retired to the inactive docket, with the same attached exception noted at page four of the November 7, 2014, order.

The Clerk is directed to send a copy of this order to counsel of record and any unrepresented parties.

DATED: February 27, 2015

John T. Copenhaver, Jr.
United States District Judge

4